UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. SANGO,

        Plaintiff,                                        Case No. 1:12-CV-1199

v.                                                         HON. ROBERT J. JONKER

UNKNOWN GRAMBAU,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      Plaintiff Robert Sango has filed an objection (docket #32) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued February 7, 2014 (docket #30). The Report and Recommendation recommends that this Court grant Defendant Grambau's motion for summary judgment (docket #15). When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Sango's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

## I. Background

Sango alleges in his Complaint that Defendant retaliated against him "for his active civil action by making his subordinates believe Plaintiff is a threat to women, putting Plaintiff in harms [sic] way (as male staff felt they rightfully need to protect female staff from wrongly accused Plaintiff) and to humiliate Plaintiff, as staff took their supervisor's word as true." *Id.* at 3. In particular, Sango complains that Defendant told female staff about Special Problem Offender Notices (SPONs) in his file. (Complaint, docket #1, Page ID 2.) This is the only retaliation theory asserted in the Complaint, however Plaintiff asserts in post-complaint papers that Defendant further retaliated against him after filing suit by issuing a false misconduct ticket against him for bribery. Sango was found guilty on the misconduct ticket. The magistrate judge recommends granting summary judgment on the only claim in the Complaint because honestly reporting SPONs to staff cannot be adverse action in the prison context. The magistrate judge declined to address the assertion of post-lawsuit retaliation because it is not properly part of the case.

Sango presents two objections. First he claims that he has established a genuine issue of material fact on the element of retaliatory motivation. Second he claims that the magistrate judge improperly failed to consider his new retaliation claim. (Objection, docket #16, Page ID 110.) The first objection is beside the point because even Sango does not challenge the magistrate judge's conclusion that reporting the SPONs to staff is not adverse action. The second objection is in error: the magistrate judge properly declined to address the merits of a post-lawsuit claim that is not a part of this case as pleaded. Moreover, even if the magistrate judge had considered the merits, Sango's conviction on the misconduct ticket would have precluded his retaliation claim in any event.

## II. Discussion

First, Sango objects that he has introduced sufficient evidence to establish an issue of fact on retaliatory motivation. Even assuming, for purposes of argument, that this is true, it does not matter because motivation is only one of three essential elements of a retaliation claim. "To establish a First Amendment retaliation claim, the plaintiff must prove that: 1) the plaintiff engaged in activities protected by the Constitution or statute; 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). The Report and Recommendation does not even reach the third element of motivation and recommends that this Court grant Defendant's motion for summary judgment because Sango has failed to establish the second element—that Defendant took an adverse action against Sango that would deter a person of ordinary firmness from continuing to engage in that conduct. The magistrate judge reasoned that Defendant's dissemination of information from MDOC Special Problem Offender Notices ("SPONs") does not constitute an adverse action upon which Sango can base a First Amendment retaliation claim. (Docket #30, Page ID 106.) Sango does not specifically object to this determination, and therefore he cannot carry his retaliation claim past summary judgment. The burden is on Sango to prove all three elements of a retaliation claim, and Sango tacitly concedes he has not and cannot establish the second element.

Second, Sango objects that the magistrate judge has failed to consider all of his claims, but this is not true. The magistrate judge addressed the one and only claim asserted in the Complaint. This is the only claim properly before the Court. In a supplemental filing, Sango alleges a second retaliation claim: that Defendant retaliated against Sango's filing of the Complaint in this case by

3

issuing him a false misconduct violation for bribery. (Docket #4.) But this claim was never made a part of any Complaint or Amended Complaint, and so the claim is not properly a part of this case, as the magistrate judge properly concluded. (*See* docket #30, Page ID 107 n.2.)

Moreover, proceeding to the merits would be of no help to Sango anyway. Where a prisoner alleges a corrections officer retaliated against the prisoner by filing a false misconduct violation, "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Bair*, 29 F.3d 464, 469 (8th Cir. 1994)). That is what happened. On November 8, 2012, Sango was cited with misconduct for bribery of an employee based on a letter that he sent to Defendant. (Docket #16, Page ID 50.) In the letter, Sango stated, "I have an offer, if you pull the 'theft' misconduct Riggs falsified on me, and send me to Lapeer (TRF) level 2. I'll drop my claims against you and Riggs." (*Id.* at 52.) A hearing officer found Sango guilty of the bribery charge. (*Id.* at 50.) Plaintiff admits that he wrote this letter to Defendant; in defense, he merely argues that it was a "negotiation," not bribery. Where, as here, there is a finding of guilt based upon "some evidence of a violation of prison rules," Plaintiff's claim that the misconduct ticket was issued in retaliation must fail at summary judgment. *See Jackson*, 158 F. App'x at 662.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Sango's objections (docket #32) are overruled.

**IT IS FURTHER ORDERED** that the Report and Recommendation (docket #30) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (docket #15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to change venue (docket #34), motion to expedite consideration of his motion to change venue (docket #35), and motion to disqualify the magistrate judge[1] (docket #39) are **DISMISSED AS MOOT**.

A separate judgment will issue.


Dated:  March 28, 2014                             /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE

---

[1] Sango's basis for moving to disqualify the magistrate judge is his decisions and recommendations on Sango's case. The outcome of the magistrate judge's decisions alone cannot form the basis of a motion to disqualify.